# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIAM J. DAMING** ) | |
| 4452 Macarthur Blvd. NW ) | |
| Washington, D.C. 20007 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT** |
| **DEPARTMENT OF HOMELAND** ) | Civil Action No: |
| **SECURITY** ) | |
| 245 Murray Lane, SW ) | |
| Washington, DC  20528-0485 ) | |
| ) | |
| And ) | |
| ) | |
| **DEPARTMENT OF STATE** ) | |
| Office of Legal Adviser ) | |
| U.S. Department of State ) | |
| 2201 C Street, NW, HST, Room 6421 ) | |
| Washington, DC  20520 ) | |
| ) | |
| ) | |
| <u>As to each Defendant Serve:</u>            ) | |
|     Matthew M. Graves ) | |
|     United States Attorney for The ) | |
|     District of Columbia ) | |
|     555 4th Street NW ) | |
|     Washington, DC  20530 ) | |
| ) | |
|     Attorney General of the ) | |
|     The United States ) | |
|     U.S. Department of Justice ) | |
|     950 Pennsylvania Avenue NW ) | |
|     Washington, District of Columbia 20530 **)** | |
| ) | |
|     <u>          Defendants.               </u>**)** | |

## COMPLAINT FOR DEMAND FOR DECLARATORY AND INJUNCTIVE RELIEF

For his Complaint, William J. Daming ("Mr. Daming" or "Plaintiff"), by the undersigned counsel, states as follows:

1. Plaintiff, Mr. Daming, brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from Plaintiff by the Defendants, the Department of State and the Department of Homeland Security, pursuant to the Privacy Act of 1974, 5 U.S.C. §552a et seq. ("PA") and the Freedom of Information Act, 5 U.S.C. §552(a) et seq. ("FOIA").

## PARTIES

2. Plaintiff is a United States citizen and a resident of the District of Columbia.

3. The Defendants, the Department of State and the Department of Homeland Security, and their federal agencies fall under the definition of "federal government agency" within the meaning of (1) 28 U.S.C. §1346(b), 28 U.S.C. §2401(b), and 28 U.S.C. §2671, and (2) 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1). The Defendants are headquartered in Washington, D.C. The Defendants are in possession, custody, and control over documents and records about Plaintiff.

## JURISDICTION AND VENUE

4. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendants pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331. The Court has the authority to issue declaratory and injunctive relief under 28 U.S.C § 1361. The venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391 (b) and (e). The Court has the authority to award attorneys' fees and expenses under 28 U.S.C. § 2412.

## **LEGAL FRAMEWORK FOR THE FOIA AND PRIVACY ACT**

5.      The Freedom of Information Act (FOIA) provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, *shall* make the records promptly available to any person." 5 U.S.C. § 552(a)(3) (emphasis added). Thus, FOIA creates a presumption that records held by the federal government must be produced to members of the public upon request.

6.      Section 552(d) expressly provides that it "does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section." Thus, records may only be withheld if they fall within one of Section 552's enumerated exemptions.

7.      Records may only be withheld or redacted under the Privacy Act if they fall within one of the enumerated exemptions in subsections (j) or (k), or an exemption under (d)(5).

8.      Lastly, upon receipt of an individual's request under FOIA and/or the Privacy Act, under (a)(6)(A)(i), the agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays)... whether to comply with such request and shall immediately notify the person." The time limit may be extended by written notice to the person making the request if "unusual circumstances" apply, but such extension would not be authorized to exceed ten working days.

9.      The "unusual circumstances" permitted under (a)(6)(B) of the statute would include: (1) the need to search and collect documents from offices separate from the office processing the request; (2) the need to search and collect a large volume of records; or (3) the

need to consult with another agency (or a separate subdivision of the same agency) having a substantial subject-matter interest in the request.

## FACTS

10. Plaintiff has been employed by the Department of State as a full-time, permanent federal employee since May 2022 to the present day.

11. Prior to being employed with DOS, Plaintiff was employed by Customs and Border Protection (CBP), a federal agency within the Department of Homeland Security, as a full-time, permanent federal employee.

12. On April 12, 2022, CBP administratively suspended Plaintiff's security clearance. **Exhibit A**.

13. After working at the State Department for approximately two months, Plaintiff was notified on June 9, 2022 that DOS was suspending his security clearance. The suspension was based on allegations received from CBP that Plaintiff used non-approved technology to allow others to eavesdrop on an internal CBP discussion and that he released internal CBP deliberative information to Congressional staff without CBP approval. **Exhibit B**.

14. On July 18, 2022, the State Department proposed to indefinitely suspend Plaintiff without pay from his position as a Congressional Affairs Specialist. The proposed suspension was based on Plaintiff failing to meet a condition of employment following the suspension of his security clearance. **Exhibit C**.

15. On October 13, 2022, following Plaintiff's response of the proposed suspension through counsel, Plaintiff was suspended indefinitely without pay by Department of State. **Exhibit D**.

16. Plaintiff was provided no evidence in support of the suspension of his security clearance with CBP.

17. Plaintiff was provided no evidence in support of the suspension of his security clearance with the State Department.

18. Plaintiff was provided no evidence in support of the indefinite suspension without pay from his position with the State Department.

19. On August 16, 2022, Plaintiff requested all records pertaining to himself that are held by the Department of State. This request specified all interagency and intra-agency correspondence, all interagency and intra-agency records, all investigation and standard forms, and a complete copy of the investigative interview with the Department of State investigator. **Exhibit E**.

20. On August 17, 2022, Plaintiff requested all records pertaining to himself that are held by DHS, CBP. This request specified all interagency and intra-agency correspondence, all interagency and intra-agency records, all investigation and standard forms, and a complete copy of any and all investigations of Plaintiff which occurred during the time period of 2020-2021 by CBP, including, but not limited to the seizure of Plaintiff's cellular phone and any reports or internal communications derived from that seizure. **Exhibit F**.

21. Plaintiff requested these records so that he may meaningfully and intelligently respond to proposed personnel actions as well as proposed actions related to his security clearance.

22. To date, despite multiple requests, upon information and belief, no Defendant agency has complied with its obligations under FOIA or the Privacy Act, leaving Plaintiff unable

to review investigative materials and meaningfully respond to any allegations. Each day that passes is another day that Plaintiff is unable to work to earn money to support his family.

### Department of State Records Request

23. On August 26, 2022, the Department of State acknowledged the FOIA request on Plaintiff's behalf dated August 16, 2022. At that time, they denied Plaintiff's request for expedited processing and assigned the case file number FP-2022-00170. **Exhibit G**.

24. On August 26, 2022, following receipt of the denial of the request for expedited processing, Plaintiff appealed that denial citing a compelling need of impairment of his due process rights. **Exhibit H**.

25. On September 16, 2022, DOS indicated by letter that the FOIA request had been placed in their expedited queue. **Exhibit I**.

26. On November 21, 2022, Plaintiff, through counsel, emailed the Department of State indicating that he was yet to receive any records despite being in the expedited process and requesting a status update. **Exhibit J**.

27. On November 28, 2022, the FOIA Requester Service Center with DOS responded to the November 21, 2022 email, stating that the Department has a backlog of FOIA and Privacy Act requests and that there would be a delay in processing requests. **Exhibit K**.

28. On January 5, 2023, Plaintiff, through counsel, again emailed the Department of State asking for an updated status. **Exhibit L**.

29. On January 5, 2023, the Department of State acknowledged that inquiry, but did not provide the requested status update. On January 13, 2023, the FOIA Requester Service Center within the Department of State responded that the request was in process with the

Department's Bureau of Diplomatic Security and that it had a February 3, 2023 estimated date of completion. **Exhibit M**.

30. To date, no information responsive to the August 16, 2022, FOIA request has been provided by the Department of State.

31. Upon information and belief, the Department of State is willfully withholding records responsive to Plaintiff's request.

### DHS Records Request

32. On March 15, 2023, DHS acknowledged receipt of Plaintiff's FOIA request to CBP, dated August 17, 2022.

33. DHS indicated that, while processing the August 17, 2022 request, CBP located records that fall under the purview of the DHS Privacy Office. That one page of responsive records was referred to the DHS Privacy Office for processing and received on January 24, 2023. They assigned the case filed number 2023-HQFO-01205. **Exhibit N**.

34. To date, no information responsive to Plaintiff's August 17, 2022, FOIA request, has been provided by DHS.

35. Upon information and belief, Defendant DHS is willfully withholding records responsive of Plaintiff's request.

### COUNT I
### (Violation of the Privacy Act, 5 U.S.C. §552a )

36. Plaintiff realleges paragraphs 1 through 35 as if fully stated herein.

37. Plaintiff is an individual seeking access to information about himself.

38. Any documentation in the possession, custody, and control of Defendants is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)- (5).

39. Upon information and belief, there are records responsive to Plaintiff's requests that are being withheld in full, and Defendants violated 5 U.S.C. §552a. Defendants are wrongfully withholding records and information requested.

40. Plaintiff has exhausted all required and available administrative remedies.

41. Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendants' denial of said right; Defendants' refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights.

42. The Defendants' failure to respond to Plaintiff's FOIA requests violated the statutory deadline imposed by the Privacy Act.

43. WHEREFORE, Plaintiff requests this Court award him the following relief: (1) declare that Defendants violated the Privacy Act; (2) order Defendants to immediately disclose the requested records; (3) award Plaintiff reasonable cost and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

## COUNT II
**(Violation of the Freedom of Information Act-5 U.S.C. §552a)**

44. Plaintiff realleges paragraphs 1 through 43 as if fully stated herein.

45. Defendants are unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

46. Plaintiff has exhausted applicable administrative remedies.

47. Plaintiff is being irreparably harmed because of Defendants' unlawful withholding of requested records; Plaintiff will continue to be irreparably harmed unless the Defendants are compelled to conform its conduct to the requirements of the law.

48. The Defendants' failure to respond to Plaintiff's FOIA requests violated the statutory deadline imposed by FOIA.

49. Defendants' actions are preventing Mr. Daming from reviewing records relied upon in order for him to meaningfully and thoroughly defend himself from allegations being used to deprive him of his employment and means of income.

50. Such acts and omissions by Defendants are causing the following irreparable damages, including but not limited to, (1) Plaintiff's professional reputation is being ruined, and (2) Plaintiff's ability to ever again work in this highly specialized field or gain comparable employment elsewhere is in jeopardy.

51. WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendants violated the Freedom of Information Act; (2) order Defendants to immediately disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court:

52. Declare the Department of State and Department of Homeland Security's failure to comply with FOIA to be unlawful;

53. Order the Department of State and Department of Homeland Security to conduct an independent and comprehensive search of its documents and records in response to Plaintiff's FOIA Requests, control numbers FP-2022-00170 and 2023-HQFO-01205.

54. Order the Department of State and Department of Homeland Security to produce all responsive records without further delay or charge.

55. Enjoin the Department of State and Department of Homeland Security from continuing to withhold records responsive to Plaintiff's FOIA Requests to Defendants;

56. Award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. §552(a)(4)(E); and

57. Grant such other relief as the Court deems just and proper.

Dated: April 27, 2023               Respectfully submitted,

By: /s/ Brett J. O'Brien
BRETT O'BRIEN, ESQ
DC Bar License #: 1753983
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone: (202) 600-4996
Fax:   (202) 545-6318